Dear Mayor Harris:
Your request for an Attorney General's Opinion has been forwarded to me for research and reply. Specifically, you ask whether you can allow your town fiscal officer to work part-time in your town's summer lunch program and whether you can use grant funds as a salary supplement?
The first question is answered by La.R.S. 33:404(A)(1) and (2), La.R.S. 33:381(A) and (D)(1), La.R.S. 47:2051.1(A) and La.R.S. 33:386(A), which are as follows:
§ 404. Duties of mayor
A. The mayor shall have the following powers, duties, and responsibilities:
 (1) To supervise and direct the administration and operation of all municipal departments, offices, and agencies, other than a police department with an elected chief of police, in conformity with ordinances adopted by the board of aldermen and with applicable provisions of state law; however, no such ordinance may limit the authority granted to the mayor by this Paragraph. All administrative staff shall be subordinate to the mayor. (Emphasis added).
 (2) To delegate the performance of administrative duties to such municipal officers or employees as he deems necessary and advisable.
 § 381. Municipal Officers
 A. The officers of every municipality shall be a mayor, aldermen, a chief of police, or tax collector and a clerk.
 D. (1) Notwithstanding the provisions of subsection A of this Section, if the town of Sterlington or the town of Richwood enters into an agreement pursuant to R.S. 47:2051.1 for the collection of taxes, the governing authority of the town shall not be required to appoint a tax collector.
 § 2051.1 Ouachita Parish; collection of municipaltaxes
 A. The sheriff and tax assessor of Ouachita Parish and the governing authority of the municipality of Monroe, West Monroe, Richwood, or Sterlington may enter into an agreement which, if entered into by all three parties, shall authorize the sheriff to collect ad valorem taxes, charges, fees, and any amounts carried on the tax roll of the respective municipality.
 § 386. Appointment of municipal officials; bondrequired
 A. At the first regular meeting of the board of aldermen succeeding each regular municipal election, the mayor, subject to conformation by the board of aldermen, shall appoint a clerk, tax collector, except as provided for in R.S. 33:381(D), and all other necessary officers whose election is not provided for in R.S. 33:381. In the event of a vacancy, the mayor, subject to confirmation by the board of aldermen, shall appoint a successor to any such office. In making or approving such appointments and in filling vacancies, the major and board of aldermen shall give preference to residents of the municipality if all other considerations are equal. (Emphasis added).
The pertinent parts of La.R.S. 33:404 give you, as the Mayor of the Town of Richwood, the power to supervise and direct the administration and operation of all departments, offices and agencies of Richwood. You are also given the power to delegate duties as you deem necessary and advisable.
Additionally, if this fiscal officer is not the "tax collector" under La.R.S. 33:381, or if the collection of taxes is delegated to the Ouachita Parish tax assessor or sheriff under La.R.S. 47:2051.1(A), then he is an appointed official under La.R.S. 33:386.
Since at least one of the offices is part-time, both are allowed under the Dual Officeholding Laws found in La.R.S. 42:61 et seq.
With regard to your second question, the answer is again found in La.R.S. 33:404(A)(1) and (2) as well as in 404(A)(4),(5) and (8) which is as follows:
§ 404. Duties of mayor
A. (4) To sign all contracts on behalf of the municipality.
 (5) To prepare and submit an annual operations budget and a capital improvements budget for the municipality to the board of aldermen in accordance with the provisions of R.S. 39:1301 et seq. and any other supplementary laws or ordinances.
 (8) To sign warrants drawn on the treasury for money, to require that the municipal clerk attest to such warrants, to affix the municipal seal thereto, and to keep an accurate and compete record of all such warrants.
These parts of the statute give the oversight of fiscal matters to the mayor which would include using grant funds in any way that is not otherwise prohibited. More specifically, the terms of the grant determines how grant funds are spent. If there are no prohibitions in the grant regarding the use of funds for salary supplements or if the grant does not specify that all funds must be used for the purchase of food for program or in some other specific way, then using the money for a salary supplement is probably allowed. Again, the terms of the grant should state how the funds are to be allocated and spent.
We trust that your questions have been answered. However, if you should need anything further, do not hesitate to contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _______________________________ Frances J. Pitman Assistant Attorney General
RPI:FJP:sc
DATE RECEIVED: 09.20.02 BR
DATE RECEIVED: 09.25.03 SH
DATE RELEASED: October 1, 2003